IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KATHLEEN MORGAN, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civ. No.14-1319-SLR<br>) |
| GEOFFREY SCOTT, | )<br>) |
| Defendant. | )<br>) |

Kathleen Morgan, Landenberg, Pennsylvania. Pro se Plaintiff.

Neal J. Levitsky, Esquire, Fox Rothschild LLP, Wilmington, Delaware. Counsel for Defendant.

**MEMORANDUM OPINION**

Dated: March 19, 2015
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Kathleen Morgan ("plaintiff") proceeds pro se. She filed this lawsuit on October 17, 2014, followed by an amended complaint on November 14, 2014, seeking to reverse and remand decisions of the Delaware State Courts. (D.I. 1, 5) In addition, plaintiff alleges fraud and trespass. The parties are diverse and the court has jurisdiction pursuant to 28 U.S.C. § 1332. Presently before the court is the motion to dismiss of defendant Geoffrey Scott ("defendant") and plaintiff's opposition thereto. (D.I. 6) Plaintiff also moves for leave to file electronically and requests counsel for the dismissed plaintiff corporation Turkeys Inc. ("Turkeys").[1] (D.I. 3, 9) For the following reasons, the court will grant defendant's motion and will deny plaintiff's motions.

## II. BACKGROUND

The parties were involved in litigation in the Delaware courts. On December 6, 2011, defendant filed suit against plaintiff and Turkeys in the Superior Court of the State of Delaware in and for New Castle County, raising claims of breach of contract, fraud, negligence and intentional misrepresentation, breach of covenant of good faith and fair dealing, negligent and/or fraudulent inducement in connection with numerous loans defendant made to plaintiff and Turkeys, and mutual mistake. *See Scott v. Morgan*, Civ. No. N11C-12-066 CHT (Del. Super.) ("the Scott action"). The parties have known each

---

[1] Turkeys appeared pro se, and the court ordered it to retain counsel. (*See* D.I. 4) When plaintiff filed the amended complaint on November 14, 2014, Turkeys was eliminated as a plaintiff. (*See* D.I. 5) Although Turkeys is no longer a party to this action, plaintiff filed a request for counsel to represent the corporation. (*See* D.I. 9)

for several decades and, beginning in 1991, defendant occasionally would loan money to plaintiff and her business entities, Turkeys and Cindee, Inc., to assist in their acquisition or operation of several Capriotti's Sandwich Shop franchises in Delaware. Morgan v. Scott, 2014 WL 4698487, at *1 (Del. 2014). Trial commenced in September 2013 and, at the close of evidence, defendant moved for judgment as a matter of law as to his claim of mutual mistake. The Superior Court granted the motion and ordered plaintiff and Turkeys to pay restitution to defendant in the amount of $318,000. (D.I. 6, exs. A, B) Plaintiff appealed and, on September 22, 2014, the Delaware Supreme Court affirmed the Superior Court's October 17, 2013 order that had granted defendant's motion for judgment as a matter of law. See Morgan v. Scott, 2014 WL 4698487. Plaintiff also filed a motion for a new trial in the Scott action, denied by the Superior Court on October 27, 2014. See Scott v. Morgan, 2014 WL 5713191 (De. Super. 2014). In the meantime, while the Scott action was pending on appeal, plaintiff initiated a lawsuit against defendant on March 7, 2014, in the Superior Court of the State of Delaware in and for New Castle County, Morgan v. Scott, Civ. No. N14C-03-017 FWW (Del. Super.) ("the Morgan action"). Defendant moved to dismiss pursuant to Superior Court Rules 12(b)(6) and 13(a), and the action was dismissed with prejudice on July 11, 2014. (D.I. 7, ex. D)

Plaintiff asks this court to reverse and remand the October 17, 2013 Superior Court judgment in the Scott action. Plaintiff was represented by counsel in the Scott action up to and including trial of the matter, and proceeded pro se thereafter when she was unable to pay her attorney. Plaintiff alleges that, as a pro se litigant, she was denied the full extent of judicial process.

The amended complaint makes reference to an order that denied plaintiff's motion to stay a March 14, 2014 sheriff's sale of restaurant equipment. Defendant had obtained a writ of levy to satisfy the Superior Court judgment. The amended complaint alleges that the motion was denied based upon defendant's representations that Turkeys was not a party to the appeal. Plaintiff believed that Turkeys was a party on appeal and, while not clear, seems to allege that Turkeys had a right to counsel pursuant to the Sixth Amendment of the United States Constitution.

In addition, the amended complaint alleges fraud and trespass. Plaintiff alleges that she reached an agreement in a case filed against her in the Delaware Court of Chancery, No. 6495, and that defendant interfered in the agreement and diverted funds which barred the settlement and enabled entry of judgment in a landlord/tenant action filed in the Justice of the Peace Court of the State of Delaware in and for New Castle County against Turkeys, *Limestone Valley Enterprises, LLC. v. Turkey's Inc.*, No. JP13-14-006891 (Del. J.P. Ct. 2013) ("the Limestone action"). The amended complaint states that the case is now in the eviction stage. Plaintiff alleges that the Justice of the Peace Court used the October 17, 2013 Superior Court judgment to support its October 20, 2014 order of judgment. (*See* D.I. 5, ex. I) The amended complaint alleges that questionable legal writs of attachments without the right to title of property and fraudulent letters of termination of franchise were used in the Limestone action. Plaintiff presented her position to a three panel judicial hearing.

Finally, the amended complaint alleges that defendant filed the Scott action for monies not owed by plaintiff "for the "ill-gotten motive of obtaining judgment for use" in the Limestone action and, as a result, plaintiff will lose her restaurant franchise and

3

future income from its operation. Plaintiff appears to seek reversal and remand of the Limestone action judgment, as well as seeking judgment against defendant in the sum of two million dollars.

## III. LEGAL STANDARDS

The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or the litigant's unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982).

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of the complaint. When reviewing a motion to dismiss, the court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 220 (3d Cir. 2011) (citing *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010)). However, such "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that, while the complaint need not contain detailed factual allegations, it must contain more than a "formulaic recitation of the

4

elements" of a constitutional claim and must state a claim that is plausible on its face) (quoting *Twombly,* and providing further guidance on the standard set forth therein).

Following *Twombly* and *Iqbal*, the United States Court of Appeals for the Third Circuit instructs that a district court must conduct a three-step analysis when considering a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 n.7 (3d Cir. 2010) (noting that although *Iqbal* describes the process as a "two-pronged approach," it views the case as outlining three steps) (citing *Iqbal*, 556 U.S. at 675). First, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* at 130 (quoting *Iqbal*, 556 U.S. at 675) (alteration in original). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Third, "'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. *Id.* (citations omitted). In addition, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment. *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004); *Lum v. Bank of Am.*, 361 F.3d 217, 222 (3d Cir. 2004) (in resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider "the

5

allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.").

Defendant moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that: (1) plaintiff's claims in the instant action arise out of the subject matter of claims previously adjudicated in Delaware State Courts; and (2) the amended complaint fails to state a claim upon which relief may be granted.

## IV. DISCUSSION

### A. *Rooker-Feldman/Younger* Abstention Doctrines

The court turns to the *Rooker Feldman*[2] doctrine and the *Younger*[3] abstention doctrine as they are dispositive of this case. Federal district courts are courts of original jurisdiction and have no authority to review final judgments of a state court in judicial proceedings. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see Power v. Department of Labor*, 2002 WL 976001 (D. Del. 2002). The *Rooker-Feldman* doctrine prohibits this court from maintaining subject matter jurisdiction over the amended

---

[2] The *Rooker*-Feldman doctrine refers to principles set forth by the Supreme Court in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Because the doctrine divests the court of subject matter jurisdiction, it may be raised at any time by the court sua sponte. *Desi's Pizza, Inc. v. City of Wilkes-Barre*, 321 F.3d 411, 419 (3d Cir. 2003); *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003).

[3] The court may raise the issue of *Younger* abstention *sua sponte*. *O'Neill v. City of Philadelphia*, 32 F.3d785, n.1 (3d Cir. 1994). The abstention doctrine as defined in *Younger v. Harris*, 401 U.S. 37 (1971), provides that federal courts are not to interfere with pending state criminal proceedings. The *Younger* doctrine has been extended to civil cases and state administrative proceedings. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982); *Huffman v. Pursue Ltd.*, 420 U.S. 592 (1975).

6

complaint which effectively seeks to reverse and remand orders and judgments entered by the Delaware courts.

"The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (citations omitted). The court finds that the *Rooker-Feldman* doctrine claim bars plaintiff's amended complaint because the relief she seeks would require: "(1) the federal court [to] determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court [to] take an action that would negate the state court's judgment . . . ." *In re Knapper*, 407 F.3d 573, 581 (3d Cir. 2005).

Plaintiff takes exceptions to decisions made in the Scott action and the Limestone action. With regard to the Scott action, the Delaware Supreme Court ruling in *Morgan v. Scott*, 2014 WL 4698487, affirmed the Superior Court's October 17, 2013 order that granted defendant's motion for judgment as a matter of law against plaintiff in the sum of $298,000.[4]

With regard to the Limestone action, the court takes judicial notice that plaintiff appealed the Justice of the Peace Court's decision to the Delaware Superior Court after a three judge panel found in favor of Limestone on October 20, 2014. *See Morgan v. Limestone Valley Enterprises, LLC*, 2015 WL 721246, at *1 (Del. Super. 2015). Next, on November 17, 2014, plaintiff and Turkeys filed a petition for a writ of certiorari in the

---

[4] The Delaware Supreme Court noted that plaintiff appeared pro se and that Turkeys was not a party to the appeal. *See Morgan*, 2014 WL 4698487 at n.2.

Delaware Superior Court, but an attorney did not appear on behalf of Turkeys. *Id.* As a result, the Delaware Superior Court struck Turkeys' petition because it was not signed by a member of the Bar of the Supreme Court of Delaware, and directed plaintiff to explain why her petition should not be dismissed for lack of standing because, under the lease, she was not entitled to possession of the premises.[5] *Id.* at *2. The Delaware Superior Court held that plaintiff lacked standing to contest the action for writ of possession and, even if she had standing, she would not be entitled to a writ of certiorari, finding that the opinion of the three judge panel in the Justice of the Peace Court was orderly and well-reasoned. *Id.* at *3. Accordingly, the Delaware Superior Court dismissed plaintiff's claims. *Id.*

Plaintiff asks the court to determine that State court rulings were erroneously entered and to grant relief by reversing and remanding their decisions. The court does not have the power to grant such relief under the *Rooker-Feldman* doctrine.

To the extent that the Limestone action remains pending in State court, under *Younger*, a federal district court must abstain from hearing a federal case which interferes with certain state proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971). *Younger* prevents federal courts from enjoining pending state proceedings absent extraordinary circumstances. *Middlesex Cnty. Ethics Comm.*, 457 U.S. at 437. Abstention is appropriate when: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the federal claims. *Lazaridis v.*

---

[5] Limestone and Turkeys entered into the lease in 2008. *Morgan*, 2015 WL 721246 at *1.

8

*Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010). The doctrine applies to proceedings until all appellate remedies have been exhausted, unless the matter falls within one of the Younger exceptions.[6] *Huffman v. Pursue Ltd.*, 420 U.S. 592, 608 (1975).

The *Younger* elements have been met and none of the exceptions apply. First, it appears there may be on-going state proceedings. Second, Delaware has an important interest in resolving eviction issues, and a ruling in its courts implicates the important interest of preserving the authority of the State's judicial system. Federal courts have routinely held that the *Younger* doctrine bars them from enjoining State court eviction proceedings. *See Boyer v. Scott Bros. Inv. Corp.*, 2011 WL 3847412 at *7 (E.D. Mo. 2011); *Clark v. Bloomberg*, 2010 WL 1438803, at *2 (E.D.N.Y. 2010); *O'Neil v. Hernandez*, 2008 WL 2963634, at *1 (S.D.N.Y. 2008); *Chamberlain v. 625 Orleans*, 2011 WL 1627080, at *3 (E.D. Tex. 2011); *Virostek v. Indy Mac Mortg. Services*, 2011 WL 6937185, at *6 (D. Colo. 2011). Finally, plaintiff has an adequate opportunity to raise any potential claims in State court. Accordingly, the court must abstain pursuant to *Younger* and its progeny. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) (stating that *Younger* abstention is favored even after the plaintiffs failed to raise their federal claims in the ongoing state proceedings).

For the above reasons, the court will dismiss the amended complaint as it lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine and Fed. R. Civ. P.

---

[6] Exceptions to the *Younger* doctrine exist where irreparable injury is "both great and immediate," *Younger*, 401 U.S. at 46, where the state law is "flagrantly and patently violative of express constitutional prohibitions," *id.* at 53, or where there is a showing of "bad faith, harassment, or . . . other unusual circumstances that would call for equitable relief." *Id.* at 54.

9

12(b)(1) and, to the extent the State claims remain pending, abstains pursuant to the *Younger* doctrine.

## B. Compulsory Counterclaims

In the alternative, the court consider defendant's position that dismissal is appropriate because the claims in the instant action arise out of the subject matter of claims previously adjudicated in the State court and, therefore, dismissal is appropriate pursuant to Rule 12(b)(6). Plaintiff takes issue with defendant's position and responds that the Morgan action was the refiling of counterclaims in the Scott action. She contends that the Scott action was dismissed without prejudice because the judge in that case refused to acknowledge her counterclaims.

A court may dismiss a claim under Rule 12(b)(6) if the claim is barred by Fed. R. Civ. P. 13. *See Baker v. Gold Seal Liquors*, 417 U.S. 467, 469 n.1 (1974). Under federal law, a counterclaim is compulsory "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a). "A compulsory counterclaim not raised in the first action is barred in subsequent litigation." *Bristol Farmers Mkt. and Auction Co. v. Arlen Realty & Dev. Corp.*, 589 F.2d 1214, 1220 (3d Cir. 1978). The United States Court of Appeals for the Third Circuit has embraced a fairly liberal interpretation of the "transaction or occurrence" standard, establishing that "the operative question in determining if a claim is a compulsory counterclaim . . . [is] whether [the counterclaim] bears a logical relationship to an opposing party's claim." *Goodman Mfg. Co., L.P. v. Carrier Corp.*, 2014 WL 4954281, at *1 (D. Del. 2014) (quoting *Great Lakes Rubber*

*Corp. v. Herbert Cooper Co.,* 286 F.2d 631, 634 (3d Cir. 1961)). Similarly, Delaware Superior Court Civil Rule 13(a) bars the assertion of a compulsory counterclaim arising from the same subject matter of an earlier action, only where the prior action resulted in a judgment on the merits. See *Fields v. Frazier,* 2005 WL 3193820, at *1 (Del. Super. 2005).

Notably, the Morgan action was dismissed with prejudice upon motion by defendant pursuant to Superior Court Rules 12(b)(6) and 13(a). In addition, the court has examined the rulings in the State court action and considered plaintiff's position. The claims and facts as alleged clearly arise out of the same transactions or occurrences that were the subject of the Scott action and should have been included in the Scott action. Accordingly, the court will grant the motion to dismiss.

### C. Failure to State a Claim

To the extent plaintiff seeks a remedy based upon rulings made in State court, such as requiring her to pay the filing fee, finding she could not represent Turkeys, and the like, plaintiff has failed to state a claim upon which relief may be granted. As discussed above, this court's authority does not extend to remedying what plaintiff perceives as errors made in the State court proceedings. Therefore, the court will grant defendant's motion to dismiss.

### V. CONCLUSION

For the above reasons, the court will deny as moot plaintiff's pending motions and will grant defendants' motion to dismiss. (D.I. 3, 5, 6, 9)

A separate order shall issue.

11